CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 0 1 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 7:15CR00007 |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| DONITA OSEGUEDA BLANKENSHIP, ) | |
| ) | By: Hon. Glen E. Conrad |
| Defendant. ) | Chief United States District Judge |

On January 8, 2016, the defendant was sentenced to term of imprisonment of 90 months after pleading guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 846. She has now filed a pro se motion seeking to compel the government to file a motion for reduction of sentence under Federal Rule of Criminal Procedure 35(b). For the following reasons, the motion must be denied.

Rule 35(b) allows the government to move for a sentence reduction when a defendant has provided substantial assistance in the investigation or prosecution of another person. Fed. R. Crim. P. 35(b). The Supreme Court of the United States has held that the government has "a power, not a duty, to file a motion when a defendant has substantially assisted," and that "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." Wade v. United States, 504 U.S. 181, 185, 186 (1992). Instead, the court may remedy the government's refusal to move for a reduction of sentence only if: (1) the government obligated itself in the plea agreement to move for a reduction; or (2) the government's refusal to move for a reduction was based on an unconstitutional motive. Id.

In this case, the plea agreement that the defendant entered into with the government clearly establishes that the decision whether to file a Rule 35(b) motion rests within the sole discretion of

the government. Moreover, there is no evidence or assertion that the government's failure to file a Rule 35(b) motion is based on an unconstitutional motive. While the court has no reason to doubt the plaintiff's allegation that her grand jury testimony substantially assisted the government in prosecuting another individual, it does not provide a valid basis for the court to compel the government to file a Rule 35(b) motion on her behalf. Accordingly, the defendant's motion will be denied.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 1st day of July, 2016.

*[signature]*
Chief United States District Judge